Daniel A. Rassier and Rita Rassier,　　　　　　　　　　Civil No. 17-938 (DWF/LIB)

　　　　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

John Sanner; Pam Jensen; and
Stearns County, Minnesota,

　　　　　　　Defendants.

This matter is before the Court upon Plaintiffs Daniel A. Rassier and Rita Rassier's ("Plaintiffs") appeal (Doc. No. 79) of Magistrate Judge Leo I. Brisbois's January 7, 2019 Order (Doc. No. 78). Defendants John Sanner, Pam Jensen, and Stearns County, Minnesota ("Defendants") oppose Plaintiffs' appeal.

In the Order, the Magistrate Judge denied Plaintiffs' motion for an order to take the deposition of an incarcerated federal inmate. Specifically, Plaintiffs seek to depose Danny J. Heinrich on the vehicles he owned at the time of the Wetterling abduction and subsequent investigation, Heinrich's interactions with law enforcement during the subsequent investigation, and to confirm that Heinrich has a mole above his left eyebrow. The Magistrate Judge concluded that Plaintiffs failed to make the requisite threshold showing as to how deposing Heinrich and the specific information being sought from him is relevant to their remaining claims against Defendants—First Amendment retaliation, Intentional Infliction of Emotional Distress, and defamation stemming from Defendant Sanner naming Daniel Rassier a person of interest. The Magistrate Judge thoroughly

laid out the elements of Plaintiffs' remaining claims and found Plaintiffs' argument of relevancy to be superficial and unpersuasive. In particular, the Magistrate Judge explained that Plaintiffs did not demonstrate that a deposition of Heinrich is relevant to show that Defendants were motivated to otherwise retaliate, inflict emotional distress, or defame Plaintiffs when they labeled Daniel Rassier a person of interest. In particular, the Magistrate Judge explained that Plaintiffs failed to show how Heinrich will have any information or knowledge regarding Defendant Sanner's motivation in labeling Daniel Rassier a person of interest, or how information regarding Heinrich's mole, vehicle ownership, and any knowledge of subsequent investigative actions taken by law enforcement is relevant to any of Plaintiffs' remaining claims.

Plaintiffs maintain that Heinrich could provide relevant testimony in a deposition, not limited to information establishing or undermining the motive of the Defendants when they changed investigation theories and targeted Daniel Rassier.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)

(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).   The Court concludes that Plaintiffs have failed to demonstrate that the Order was clearly erroneous or contrary to law.   With respect to the Plaintiffs' stated intention to confirm that Heinrich has a mole above his left eyebrow, the Court underscores that Plaintiffs acknowledge that they have photographs showing the mole, making a deposition unnecessary.   The Court also notes that Plaintiffs state that, to date, the FBI has failed to produce any documents concerning its investigation into the Wetterling case. The Court assumes that counsel will keep the Court informed in the event the FBI continues to refuse to produce documents.   The Court also offers to review the documents *in camera* to help resolve any discovery matters.

Based on the above, the Court denies Plaintiffs' appeal and affirms Magistrate Judge Brisbois's January 7, 2019 Order in all respects.

Accordingly, **IT IS HEREBY ORDERED** that:

1.	Plaintiffs' appeal (Doc. No. [79]) of Magistrate Judge Leo I. Brisbois's January 7, 2019 Order is **OVERRULED**.

2.	Magistrate Judge Leo I. Brisbois's January 7, 2019 Order (Doc. No. [78]) is **AFFIRMED.**

Dated:   March 7, 2019			s/Donovan W. Frank
					DONOVAN W. FRANK
					United States District Judge